PER CURIAM: *
Calvin DeWayne Warren, Texas prisoner # 789034, was convicted of aggravated sexual assault and sentenced to a term of probation. The trial court subsequently revoked his probation and sentenced him to 75 years in prison. Warren seeks authorization to file a successive 28 U.S.C. § 2254 application. He argues that there was insufficient evidence supporting his plea; newly discovered evidence in the form of the victim’s notarized statement reveals that he did not commit the offense; counsel rendered ineffective assistance; and his plea was not knowing and voluntary. He requests an evidentiary hearing, subpoenas ad testificandum, a polygraph examination, the production of documents, the appointment of an attorney, and the appointment of an expert recantation witness to aid him in pursuing his successive habeas application.
To the extent that Warren presented these claims in a prior § 2254 application, these claims may not be brought in a successive application. See 28 U.S.C. § 2244(b)(1). To the extent that these claims were not presented in his prior § 2254 application, Warren has not shown that the claims rely on any new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or that the factual predicate for the claims could not have been discovered previously through due diligence, and that the facts underlying the claims, if proven, would “establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense.” § 2244(b)(2)(A), (B).
The dissent interprets McQuiggin v. Perkins, — U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), to allow a petitioner to circumvent the statutory restrictions of § 2244(b)(1) and (2) upon a showing of “actual innocence” — ie., that it is more likely than not, in light of new and reliable evidence, that no reasonable juror would *458 have found the defendant guilty. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In McQuiggin, the Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of “actual innocence” under the Schlup standard. 133 S.Ct. at 1928. Critically, the holding in McQuiggin was based on the Court’s conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable “actual innocence” exception for an untimely first-time filer. See id. at 1934. On the other hand, the Court expressly recognized that Congress, through § 2244(b), had intended to “modify” and “constraint]” the “actual innocence” exception with respect to second or successive petitions. See id. at 1933-34. Nothing in McQuiggin authorizes us to ignore or bypass these constraints.
Warren’s claims are essentially identical to the claims he identified in his prior motion for authorization to file a successive § 2254 application. Accordingly, he is warned that the filing of repetitious or frivolous motions for authorization to file successive habeas corpus applications will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court’s jurisdiction.
IT IS ORDERED that Warren’s motion for authorization to file a successive habeas corpus application is DENIED, and a SANCTION WARNING IS ISSUED.

 Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.